**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000013
29-JUN-2017
09:41 AM**

NO. CAAP-17-0000013

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC
ITS TRUSTEE, Plaintiff-Appellee,
v.
MARIA DAISY SOMMERS, INDIVIDUALLY AND AS
TRUSTEE UNDER THAT CERTAIN UNRECORDED TRUST AGREEMENT
KNOWN AS THE MARIA DAISY SOMMERS REVOCABLE TRUST
DATED DECEMBER 22, 2005, Defendant-Appellant,
and
ROBERT MICHAEL GARCIA, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0052(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in CAAP-17-0000013, it
appears that this court lacks appellate jurisdiction over this
appeal. Defendant-Appellant Maria Daisy Sommers, Individually
and as Trustee under that certain Unrecorded Trust Agreement
Known as the Maria Daisy Sommers Revocable Trust Dated
December 22, 2005 (Appellant), pro se, appeals from an
unspecified final judgment in the case.

Hawaii Revised Statutes (HRS) § 667-51(a)(1) authorizes an appeal from a judgment entered on a decree of foreclosure. An appeal may also be taken from "[a] judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure." HRS § 667-51(a)(2).

On July 31, 2013, the Circuit Court entered a Judgment on the Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed January 26, 2011, which was an appealable judgment pursuant to HRS § 667-51(a)(1).

On September 20, 2016, the Circuit Court entered a Judgment on the Order Granting Plaintiff's Motion to Re-Open Bidding at Confirmation of Sale Hearing, Confirmation for Sale to Highest Bidder at Confirmation Hearing, Distribution of Proceeds, and for Writ of Ejectment Filed August 26, 2015, which was an appealable judgment pursuant to HRS § 667-51(a)(2).

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts.

As an exception to the general rule requiring a final judgment, order, or decree, the Forgay doctrine is based on the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848). The Hawai'i Supreme Court has acknowledged the Forgay doctrine as "allow[ing] an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, the Hawai'i Supreme Court held that it had "jurisdiction to consider appeals from judgments which require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait

the final outcome of the litigation." Id. (citations, internal quotation marks and brackets omitted).

A Writ of Ejectment was filed on September 20, 2016. Thus, the September 20, 2016 Writ of Ejectment was an appealable order under Forgay. Id.

There are no other appealable final judgments or orders in the record on appeal.

Appellant filed a Notice of Appeal on January 12, 2017, more than 30 days after entry of the July 31, 2013 Judgment, the September 20, 2016 Judgment, and the September 20, 2016 Writ of Ejectment. Therefore, the appeal was untimely as to each judgment and the writ of ejectment. HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Accordingly, the court lacks appellate jurisdiction over the appeal.

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions for appellate case number CAAP-17-0000013 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge

3